IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| MOHAMAD YOUSSEF HAMMOUD, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL ACTION No. <br><br> CIVIL COMPLAINT |

## NATURE OF THE ACTION

Mohamad Youssef Hammoud, by counsel, respectfully commences this action pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for return of property seized from the house in which he was residing at the time of his arrest on Donnefield Drive in Charlotte, North Carolina.

### FIRST CAUSE OF ACTION: RETURN OF SEIZED PROPERTY PURSUANT TO RULE 41(g) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Upon personal knowledge, except when stated to be upon information and belief, Mr. Hammoud pleads as follows:

1. This Court has subject matter jurisdiction over this matter under the Court's general equity jurisdiction under 28 U.S.C. § 1331. *See, e.g., Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007).

1

2. On about July 21, 2001, government federal agents acting pursuant to a search warrant seized all of Mr. Hammoud's personal property, including family photographs and videos, at his then-residence on Donnefield Drive in Charlotte, North Carolina.

3. Venue is proper in this District because the search warrant was issued in and the search warrant was executed in the U.S. Western District of North Carolina.

4. In the search of Mr. Hammoud's residence on Donnefield Drive in Charlotte, North Carolina the government seized Mr. Hammoud's personal property, including photographs and videos.

5. The Government has not returned to Mr. Hammoud his personal property, including the photographs and videos. Upon information and belief the Government has maintained custody of Mr. Hammoud's personal property. The Government sought admission into evidence at the trial some of the photographs and videos, which, upon information and belief, should then have been preserved in parallel as evidence admitted at trial.

6. None of the personal property, including the photographs and videos, had any financial or other value to anyone other than Mr. Hammoud, but to Mr. Hammoud, the photographs and videos have significant personal importance.

7. On November 29, 2022, this Court granted Mr. Hammoud compassionate release; consequently, Mr. Hammoud was released from the custody of the Federal Bureau of Prisons and, on information and belief, his case was closed.

8. Mr. Hammoud, after detention under the custody of ICE pending his deportation to Lebanon, has been deported and is now resident in Lebanon.

9. This action is not subject to dismissal pursuant 28 USCS § 1915A, because Mr. Hammoud states a claim upon which relief may be granted and he does not seek monetary relief

2

from a defendant immune from such relief. Simultaneously with the filing of this Complaint Mr. Hammoud files a motion to proceed *in forma pauperis*. Counsel for Mr. Hammoud is representing Mr. Hammoud *pro bono* and does not seek and will not seek compensation of any kind.

10. Mr. Hammoud has written several letters to the Charlotte office of FBI inquiring about the location of the property and requesting its return, but never received a response.

11. Mr. Hammoud has made request of the Federal Bureau of Prisons inquiring about the location of the property and requesting its return, but never received a response.

12. Upon information and belief, the Government obtained no order of forfeiture against Mr. Hammoud by which a court ordered forfeiture of his personal property, including photographs and videos.

13. The property is not contraband.

14. The property is not needed as evidence.

15. As Mr. Hammoud's case is concluded, trial concluded in the year 2002, and the property Mr. Hammoud requests is his personal property without financial or other valued to anyone by Mr. Hammoud, the Government has no legitimate reason to keep or use Mr. Hammoud's personal property.

16. Retention by the Government of Mr. Hammoud's personal property is beyond a constitutionally reasonable period. See, e.g., *United States v. Ganias*, 824 F.3d 199, 219–20 (2nd Cir. 2016) (en banc).

17. Mr. Hammoud is entitled to relief pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Hammoud, by counsel, respectfully requests this Court:

A. Enter judgment ordering the Government to return his personal property, including photographs and videos;

B. Enter judgment declaring Mr. Hammoud has the right to the return of his personal property; and

C. Such other and further relief as this Court deems just and proper.

Dated: October 4, 2023.

/s/ James P. McLoughlin, Jr.
James P. McLoughlin, Jr. (NC Bar No.13795)
Christopher Tomlinson (NC Bar No. 38811)
Fielding Huseth (NC Bar No. 53121)
Raquel M. Pearkes (NC Bar No. 54905)
Alexis Narducci (NC Bar No. 54938)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
jimmcloughlin@mvalaw.com
raquelpearkes@mvalaw.com

**Counsel for Mohamad Youssef Hammoud**